K. Tom Kohan (CA Bar No. 225420)
tom@kohanlawfirm.com
KOHAN LAW FIRM
515 South Figueroa Street
Suite 1200
Los Angeles, CA 90071
Tel: (310) 349-1111
Fax: (888) 476-7010

Max Moskowitz (*pro hac vice* application to be filed)
mmoskowitz@ostrolenk.com
Lawrence S. Rosenthal (*pro hac vice* application to be filed)
lrosenthal@ostrolenk.com
OSTROLENK FABER LLP
1180 Avenue of the Americas
New York, NY 10036
Tel: (212) 596-0500
Fax: (212) 382-0888

Attorneys for Defendants,
E-Cig Gallery Wholesale and Distribution, Inc.
Vapor Range, Inc.
Vapor Authority, Inc.
Electronic Cigarettes, Inc.
VAPRO Supply, LLC
D&A Distribution
Madvapes Holdings, LLC
LA Vapor, Inc.
and Defendant/Counterclaimant
Lan & Mike International Trading Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE, an individual | Case No. 2:17-cv-02390-DSF (MRW) |
| Plaintiff, | Assigned to: Hon Dale. S. Fischer |
| v. | **ANSWER AND COUNTERCLAIM** |
| D&A DISTRIBUTION, LLC *et al.* | **JURY TRIAL DEMANDED** |
| Defendants. | |
| LAN AND MIKE INTERNATIONAL TRADING, INC. | |
| Counter-claimant | |
| v. | |
| MIKE SARIEDDINE, an individual, | |
| Counter-defendant | |

Defendants distributors E-Cig Gallery Wholesale and Distribution, Inc., Vapor Range, Inc., Vapor Authority, Inc., Electronic Cigarettes, Inc., VAPRO Supply, LLC, D&A Distribution, Madvapes Holdings, LLC, Lan & Mike International Trading Inc., and LA Vapor, Inc., (collectively "Defendants") hereby answer the Complaint of Plaintiff Mike Sarieddine as follows:

### ANSWER TO THE ALLEGATIONS OF THE COMPLAINT

1.      The allegations contained in Paragraph 1 are legal conclusions that do not require a response from Defendants.  Defendants otherwise deny the allegations in Paragraph 1 of the Complaint.

2.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny such allegations.

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore deny such allegations.

4.      Defendants admit that the purported "Settlement Agreement" is attached to the Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 4 of the Complaint and therefore deny such allegations.

5.      Defendants admit that the purported "Settlement Agreement" is attached to the Complaint.  Defendants are without sufficient knowledge or information to

form a belief as to the truth of the remainder of the allegations contained in Paragraph 5 of the Complaint and therefore deny such allegations.

6.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore deny such allegations.

7.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny such allegations.

8.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore deny such allegations.

9.    Defendants s deny the allegations contained in Paragraph 9 of the Complaint.

10.    Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.    Defendants admit that this Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.  Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

ANSWER AND COUNTERCLAIMS

13.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore deny such allegations.

14.     The allegations contained in Paragraph 14 are legal conclusions that do not require a response from Defendants.  Defendants otherwise deny the allegations in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 are legal conclusions that do not require a response from Defendants.  Defendants otherwise deny the allegations in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 are legal conclusions that do not require a response from Defendants.  Defendants otherwise deny the allegations in Paragraph 16 of the Complaint.

17.     Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17 of the Complaint and therefore deny them.

18.     Defendant D&A distribution, LLC admits the allegations contained in Paragraph 18 of the Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore deny them.

19.     Defendant Electronic Cigarettes, Inc. admits the allegations contained in Paragraph 19 of the Complaint.  The remaining Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny them.

20.   Defendant LA Vapor, Inc. admits the allegations contained in Paragraph 20 of the Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny them.

21.   Defendant MadVapes Holdings, Inc. denies the allegations contained in Paragraph 21 of the Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny them.

22.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny them.

23.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore deny them.

24.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore deny them.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore deny them.

26.     Defendant VaporDNA admits the allegations contained in Paragraph 26 of the Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny them.

27.     Defendant Vapor Authority, Inc. denies the allegations contained in Paragraph 27 of the Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny them.

28.     Defendant Vapor Range, Inc. admits the allegations contained in Paragraph 28 of the Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny them.

29.     Defendant VAPRO Supply, LLC admits the allegations contained in Paragraph 29 of the Complaint.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny them.

30.     Defendant E-Cig Gallery Wholesale and Distribution, Inc.  admits the allegations contained in Paragraph 30 of the Complaint.  The remaining Defendants

are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny them.

31.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny them.

32.     Defendants deny that Plaintiff sells e-cigarette vaporizers.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 32 of the Complaint and therefore deny them.

33.     Defendants admit that the website "www.alienvape.com" is currently active and advertises certain products.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 33 of the Complaint and therefore deny them.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.     The allegations contained in Paragraph 37 are legal conclusions that do not require a response from Defendants.  Defendants otherwise deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore deny them.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore deny them.

41.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore deny them.

42.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore deny them.

43.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny them.

44.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny them.

45.     Defendants admit that the purported "Settlement Agreement" is attached to the Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 45 and therefore deny them.

46.     Defendants admit that the purported "Settlement Agreement" is attached to the Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 46 and therefore deny them.

47.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and therefore deny them.

48.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and therefore deny them.

49.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore deny them.

50.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore deny them.

51.     Defendants admit that the purported "Settlement Agreement" is attached to the Complaint.  The allegations contained in Paragraph 51 of the Complaint are legal conclusions to which no response is required.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 51 of the Complaint and therefore deny them.

52.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore deny them.

53.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and therefore deny them.

54.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 54 and therefore deny them.

55.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 55 of the Complaint and therefore deny them.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and therefore deny them.

58.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore deny them.

59.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and therefore deny them.

60.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore deny them.

61.    The allegations contained in Paragraph 61 are legal conclusions that do not require a response from Defendants.  Defendants otherwise deny the allegations in Paragraph 61 of the Complaint.

62.    Defendants admit that the purported "Settlement Agreement" is attached to the Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 62 and therefore deny them.

63.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore deny them.

64.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore deny them.

65.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore deny them.

66.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore deny them.

67.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and therefore deny them.

68.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore deny them.

69.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and therefore deny them.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     The allegations contained in Paragraph 71 are legal conclusions that do not require a response from Defendants.  Defendants otherwise deny the allegations in Paragraph 71 of the Complaint.

72.     In response to Paragraph 72 of the Complaint, Defendants incorporate their responses to ¶¶1-71 above, as if fully stated herein.

73.     The allegations contained in Paragraph 73 are legal conclusions that do not require a response from Defendants.  Defendants otherwise deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     In response to Paragraph 80 of the Complaint, Defendants incorporate their responses to ¶¶1-71 above, as if fully stated herein.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and therefore deny them.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     In response to Paragraph 88 of the Complaint, Defendants incorporate their responses to ¶¶1-71 above, as if fully stated herein.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     In response to Paragraph 92 of the Complaint, Defendants incorporate their responses to ¶¶1-71 above, as if fully stated herein.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     In response to Paragraph 95 of the Complaint, Defendants incorporate their responses to ¶¶1-71 above, as if fully stated herein.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     In response to Paragraph 98 of the Complaint, Defendants incorporate their responses to ¶¶1-71 above, as if fully stated herein.

99.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and therefore deny them.

100.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint and therefore deny them.

101.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint and therefore deny them.

102.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint and therefore deny them.

103.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and therefore deny them.

104.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and therefore deny them.

105.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and therefore deny them.

106.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and therefore deny them.

107.   In response to Paragraph 107 of the Complaint, Defendants incorporate their responses to ¶¶1-71 above, as if fully stated herein.

108.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and therefore deny them.

109.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint and therefore deny them.

110.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint and therefore deny them.

111.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and therefore deny them.

Plaintiff's Prayer for Relief does not require a response, but insofar as an answer is deemed necessary, Defendants deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

The Complaint, and each cause of action set forth in the Complaint, fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

Defendants have not infringed U.S. Trademark Registration Nos. 4997336 and 4517249.

## Third Affirmative Defense

U.S. Trademark Registration Nos. 4997336 and 4517249, both purportedly owned by Plaintiff, are invalid and unenforceable.

## Fourth Affirmative Defense

Plaintiff's allegations in the Complaint are barred under the doctrines of acquiescence, implied license, waiver, and/or estoppel.

## Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the equitable principle and defense of unclean hands, and Plaintiff therefore is precluded at law and in equity from asserting any of the claims purported to be set forth in the Complaint.

## Sixth Affirmative Defense

Plaintiff is estopped from alleging or seeking damages with regard to any alleged rights or remedies which Plaintiff claims to have, by reason of his own

actions including, but not limited to, his own material breach of any alleged contracts and/or agreements, fraud and other conduct, acts and/or omissions.

**Seventh Affirmative Defense**

Plaintiff knowingly made a false, material representation of fact to the USPTO in order to procure his trademark for ALIEN VAPE. This constitutes fraud and voids the trademark. Plaintiff filed for U.S. Trademark No. 4997336 for ALIEN VAPE on November 17, 2015. The basis pled by Plaintiff in the application was "1(a)," which signifies that, at the time of the application, Plaintiff was actually using this mark in commerce on the identified goods and services. The "goods and services" alleged to be "in use" at the time the application was filed include "Electronic cigarettes; Oral vaporizers for smokers." The application states: "Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services." The application continues: "the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 04/15/2013, and first used in commerce at least as early as 04/15/2013, and is now in use in such commerce." The specimen submitted by Plaintiff is a photo of a bottle of e-juice, which is not an electronic cigarette or an oral vaporizer.

Plaintiff acknowledged in his declaration in support of his application for a temporary restraining order that "I have not sold vaporizers since 2014." (ECF 74-1,

¶6.)  Therefore, at the time the application was filed, Plaintiff was not actually using his trademarks on those goods and services, as asserted in his application.

Therefore, Plaintiff has committed fraud on the United States Patent and Trademark Office, and the registration is void.

### Eight Affirmative Defense

Plaintiff's claims for trademark infringement are barred on the grounds that the alleged trademark which forms the basis of such claims fails to function as a trademark and is generic and/or lacks requisite secondary meaning and is therefore unprotectable.

### Ninth Affirmative Defense

Plaintiff's claims for trademark infringement are barred on the grounds that Defendants' activities do not result in a likelihood of confusion or in any deception, dilution, tarnishment or other harm with respect to Plaintiff's alleged trademark rights.

### Tenth Affirmative Defense

The Court lacks personal Jurisdiction over Defendants.

### Eleventh Affirmative Defense

To the extent that Defendants are found to have infringed based upon one or more claims of Plaintiff's Complaint, such infringement was not willful, but was inadvertent.

**Twelfth Affirmative Defense**

Plaintiff's Complaint is frivolous and/or has been brought in bad faith. Accordingly, Defendants are entitled to recover their costs, including attorney's fees, incurred in defending against the Complaint.

**Thirteenth Affirmative Defense**

Plaintiff is barred from pursuing his claims in this District, because venue is improper.

**Fourteenth Affirmative Defense**

Defendants allege that Plaintiff suffered no cognizable injury as a result of the matters alleged in his Complaint.

WHEREFORE, Defendants pray that the Court enter judgment in its favor and against Plaintiff with regard to the claims in the Complaint and grant the following relief: a judgment dismissing Plaintiff's Complaint in its entirety with prejudice, for attorney fees as provided by contract or statute, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Lan & Mike International Trading Inc. dba VaporDNA ("VaporDNA") counterclaims against Plaintiff/Counterclaim Defendant Mike Sarieddine ("Sarieddine") for an order adjudicating that U.S. Trademark Registration Nos. 4997336 (the "Registration") is void, invalid and unenforceable for fraud and should be canceled.

### PARTIES

1.      Defendant/Counterclaim Plaintiff VaporDNA is a California corporation with an address of 20435 Gramercy Place, Ste 101, Torrance, CA 90501.

2.      Plaintiff/Counterclaim Defendant Mike Sarieddine is an individual residing in the county of Los Angeles, California.

3.      Sarieddine claims to be the owner of the Trademarks.

### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction as it involves issues concerning trademarks arising under United States law, namely, 15 U.S.C. § 1051 et seq., and under 28 U.S.C. §§ 1331, 1332 and 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      Venue for the counterclaim is based on Sarieddine having brought an action against VaporDNA in this district, and under 28 U.S.C. §§ 1391(b) and (c).

6.     This Court has personal jurisdiction over Sarieddine because he resides in this judicial district and because Sarieddine has filed the instant action in this Court.

**First Counterclaim**

7.     VaporDNA repeats and realleges the allegations in Paragraphs 1-4 of its Counterclaims and in the Seventh Affirmative Defense above.

8.     Based on the foregoing, VaporDNA seeks a declaratory judgment that the Registration is void, invalid and unenforceable due to fraud on the USPTO.

*//*

1
2
3                              **PRAYER FOR RELIEF**
4          WHEREFORE, VaporDNA prays for judgment against Sarieddine as follows:
5      a.      For an order that the Registration is void, invalid and unenforceable;
6
7      b.      For an order canceling the Registration as void, invalid and
8  unenforceable;
9      c.      For such other and further relief as this Court deems just and proper.
10
11 Dated: June 5, 2017            Respectfully submitted,
12                                KOHAN LAW FIRM
13
14                                By: /S/ *K. Tom Kohan*
15                                K. Tom Kohan
16                                Attorneys for Defendants,
17                                E-Cig Gallery Wholesale and Distribution, Inc.
                                  Vapor Range, Inc.
18                                Vapor Authority, Inc.
                                  Electronic Cigarettes, Inc.
19                                VAPRO Supply, LLC
20                                D&A Distribution
                                  Madvapes Holdings, LLC
21                                Lan & Mike International Trading Inc.
22                                LA Vapor, Inc.
23                                Attorneys for Defendfant/Counterclaimant,
24                                Lan & Mike International Trading Inc.
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Defendants and Counterclaimant hereby request trial by jury on all claims asserted, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 5, 2017                    KOHAN LAW FIRM


By: /S/ *K. Tom Kohan*
K. Tom Kohan

Attorneys for Defendants,
E-Cig Gallery Wholesale and Distribution, Inc.
Vapor Range, Inc.
Vapor Authority, Inc.
Electronic Cigarettes, Inc.
VAPRO Supply, LLC
D&A Distribution
Madvapes Holdings, LLC
Lan & Mike International Trading Inc.
LA Vapor, Inc.

Attorneys for Defendfant/Counterclaimant,
Lan & Mike International Trading Inc.