1   F. Phillip Hosp (SBN 265225)
2   phosp@lockelord.com
    LOCKE LORD LLP
3   300 S. Grand Avenue, Suite 2600
    Los Angeles, CA  90071
4   Tel: 213-687-6787 / Fax: 213-341-6787
5
6   Matthew T. Furton (*pro hac vice*)
    mfurton@lockelord.com
7   David T. Van Der Laan (*pro hac vice*)
    dave.vanderlaan@lockelord.com
8   Jonathan B. Turpin (*pro hac vice forthcoming*)
    jonathan.turpin@lockelord.com
9   LOCKE LORD LLP
    111 South Wacker Drive
10  Chicago, IL  60606
11
12
    Attorneys for Defendant
13  Shenzhen IVPS Technology Co., Ltd.
    (f/k/a Shenzhen Smok Technology Co., Ltd.)
14

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE SARIEDDINE, an individual | ) CASE NO. 2:17-cv-2390-DSF-SK |
| | ) |
| Plaintiff, | ) **DEFENDANT SHENZHEN IVPS** |
| | ) **TECHNOLOGY CO., LTD.'S** |
| vs. | ) **ANSWER TO PLAINTIFF'S** |
| | ) **FIRST AMENDED COMPLAINT** |
| D&A DISTRIBUTION, LLC (dba | ) |
| STRICTLY E-CIG), a Georgia limited | ) FAC Filed: January 3, 2018 |
| liability company et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

*Locke Lord LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA  90071*

2308665.5

Defendant Shenzhen IVPS Technology Co., Ltd. f/k/a Shenzhen Smok Technology Co., Ltd. ("Smok") hereby answers plaintiff Mike Sarieddine's ("Sarieddine") First Amended Complaint as follows:

## ANSWER TO THE ALLEGATIONS OF
## THE FIRST AMENDED COMPLAINT

1. The allegations in Paragraph 1 state legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 1.

2. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore denies the same.

3. Smok admits that it began to market and sell vaporizer products under the name Alien Kit in 2016. Smok denies all remaining allegations in Paragraph 3.

4. Smok admits that Sarieddine contacted Smok in August 2016. Smok further admits that it executed a purported agreement in October 2016 (the "Purported Agreement"). The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 4.

5. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 5.

6. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 6.

7. Smok admits that, in January 2017, it began to market a new vaporizer product under the name "AL85." Smok denies all remaining allegations in Paragraph 7.

8. The allegation of "infringement" in Paragraph 8 sets forth a legal conclusion to which no response is required. Smok admits that Sarieddine—both personally and through counsel—contacted Smok regarding purported infringement

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

and alleged breaches. Smok lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegation regarding when Sarieddine discovered the purported infringement, and therefore denies the same. Smok denies all remaining allegations in Paragraph 8.

9.      Smok admits that it markets a vaporizer product under the name "AL85." Smok denies all remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 10.

11.     The allegations in Paragraph 11 regarding Sarieddine's "trademark rights" set forth legal conclusions to which no response is required. Smok admits that it advertises and sells the Smok AL85 vaporizer product. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11, and therefore denies the same.

12.     The allegations in Paragraph 12 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 12.

13.     The allegations in Paragraph 13 set forth legal conclusions to which no response is required.

14.     The allegations in Paragraph 14 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 14.

15.     The allegations in Paragraph 15 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 15.

16.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and therefore denies the same.

17.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore denies the same.

18.     The allegations in Paragraph 18 set forth legal conclusions to which no response is required.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

ANSWER TO FIRST AMENDED COMPLAINT

19.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore denies the same.

20.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore denies the same.

21.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore denies the same.

22.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and therefore denies the same.

23.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore denies the same.

24.     Smok admits the allegations in Paragraph 24.

25.     Smok denies the allegations in Paragraph 25.

26.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and therefore denies the same.

27.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore denies the same.

28.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore denies the same.

29.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and therefore denies the same.

30.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore denies the same.

31.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, and therefore denies the same.

32.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies the same.

33.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore denies the same.

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

3

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

34.     Smok admits that there is an active website located at URL www.alienvape.com, and that certain goods are promoted on that website. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34, and therefore denies the same.

35.     Smok denies the allegations in Paragraph 35.

36.     Smok denies the allegations in Paragraph 36.

37.     Smok admits the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 38.

39.     The allegation in Paragraph 39 regarding the existence of Sarieddine's common-law rights sets forth a legal conclusion to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39, and therefore denies the same.

40.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 regarding Sarieddine's marketing, promotion, and use of his purported marks, and therefore denies the same. Smok denies all remaining allegations in Paragraph 40.

41.     Smok admits that it began selling a vaporizer under the brand name "Alien Kit" in 2016. Smok denies all remaining allegations in Paragraph 41.

42.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore deny the same.

43.     Smok admits that Sarieddine contacted Smok regarding purported infringement, and that Sarieddine had a telephone conversation with a representative of Smok. Smok denies all remaining allegations in Paragraph 43.

44.     Smok admits that it executed the Purported Agreement. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 44.

45.     Smok admits that Sarieddine contacted Smok on multiple occasions after Smok executed the Purported Agreement. Smok denies all remaining allegations in Paragraph 45.

46.     The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 46.

47.     The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 47.

48.     Smok admits that it communicated with the plaintiff but denies the remaining allegations of Paragraph 48.

49.     Smok admits that it paid $15,000 to Sarieddine in approximately November 2016. Smok denies all remaining allegations in Paragraph 49.

50.     Smok admits that it last made a payment to Sarieddine several months prior to the filing of the Complaint. Smok denies all remaining allegations in Paragraph 50.

51.     Smok denies the allegations in Paragraph 51.

52.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 regarding when Plaintiff became aware of any alleged plans formulated by Smok, and therefore denies the same. Smok admits that, in January 2017, it was planning to launch a new vaporizer product. Smok denies all remaining allegations in Paragraph 52.

53.     The allegations in Paragraph 53 regarding infringement and breach set forth legal conclusions to which no response is required. Smok admits that Sarieddine sent multiple emails to Smok personnel regarding a vaporizer product. Smok denies all remaining allegations in Paragraph 53.

54.     Smok admits that it communicated with Sarieddine on or about January 5, 2017.  Smok denies the remaining allegations in Paragraph 54.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

55.     Smok denies the allegations in Paragraph 55.

56.     Smok admits that Sarieddine contacted Smok in January 2017 to complain. Smok admits that its personnel responded to Sarieddine and admits that it advertises and sells the Smok AL85 vaporizer product. Smok denies all remaining allegations in Paragraph 56.

57.     Smok denies the allegations in Paragraph 57.

58.     The allegation in Paragraph 58 regarding infringement sets forth a legal conclusion to which no response is required. Smok denies all remaining allegations in Paragraph 58.

59.     The allegation in Paragraph 59 regarding infringement sets forth a legal conclusion to which no response is required. Smok admits that it sent a marketing email on or about January 5, 2017. Smok denies all remaining allegations in Paragraph 59.

60.     Smok admits making a post on the smok_tech Instagram page on or around March 9, 2016 and advertising a sweepstakes giveaway. Smok denies all remaining allegations in Paragraph 60.

61.     Smok denies the allegations in Paragraph 61.

62.     Smok admits making posts on the smok_tech Instagram page on April 5, 2017. Smok denies all remaining allegations in Paragraph 62.

63.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and therefore denies the same.

64.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore denies the same.

65.     Smok admits posting on the smok_tech Instagram page on or around May 1, 2017. Smok denies all remaining allegations in Paragraph 65.

66.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 and therefore denies the same.

ANSWER TO FIRST AMENDED COMPLAINT

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

67.     Smok admits posting on the smok_tech Instagram page on or around May 9, 2017. Smok denies all remaining allegations in Paragraph 67.

68.     The allegation in Paragraph 68 regarding lawfulness sets forth a legal conclusion to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 regarding emails received by Sarieddine and therefore denies the same. Smok denies all remaining allegations in Paragraph 68.

69.     The allegations in Paragraph 69 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 69.

70.     The allegations in Paragraph 70 regarding alleged breaches set forth legal conclusions to which no response is required. Smok admits that in February 2017, it communicated with Sarieddine regarding Sarieddine's e-liquid products and that it received a notice from the Industry and Trade Commerce Bureau. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 70.

71.     The allegations in Paragraph 71 regarding alleged breaches and infringement set forth legal conclusions to which no response is required. Smok admits that in January 2017, Sarieddine sent an email purporting to be a termination. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 71.

72.     The allegations in Paragraph 72 regarding alleged breaches set forth legal conclusions to which no response is required. Smok admits that it has filed trademark applications related toSmok and its products. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 72.

73.     The allegations in Paragraph 73 regarding alleged breaches set forth legal conclusions to which no response is required. Smok admits that on May 31, 2017, Smok sent a letter regarding the Purported Agreement. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 73.

74.     The allegations in Paragraph 74 regarding alleged breaches set forth legal conclusions to which no response is required. Smok admits that it has filed counterclaims in this action seeking a declaration that Sarieddine's trademark registration is void, invalid, and unenforceable and must be canceled. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 74.

75.     Smok admits that on March 9, 2017, it communicated with Sarieddine regarding the AL85 product. Smok denies all remaining allegations in Paragraph 75.

76.     The allegations in Paragraph 76 regarding infringement set forth legal conclusions to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 76, and therefore denies the same.

77.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and therefore denies the same.

78.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, and therefore denies the same.

79.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and therefore denies the same.

80.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80, and therefore denies the same.

ANSWER TO FIRST AMENDED COMPLAINT

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

81.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, and therefore denies the same.

82.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82, and therefore denies the same.

83.     The allegations in Paragraph 83 regarding infringement set forth legal conclusions to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Distributor Defendants, and therefore denies the same. Smok admits that it continues to use the phrase "Alien Kit" as of the date of filing of this Answer. Smok denies all remaining allegations in Paragraph 83.

84.     The allegations in Paragraph 84 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 84.

85.     The allegations in Paragraph 85 regarding alleged breaches set forth legal conclusions to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations regarding the Distributor Defendants, and therefore denies the same. Smok denies all remaining allegations in Paragraph 85.

86.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Distributor Defendants, and therefore denies the same. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 86.

87.     Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations regarding the Distributor Defendants, and therefore denies the same. Smok denies all remaining allegations in Paragraph 87.

88.     Smok denies the allegations in Paragraph 88.

89.     Smok denies all remaining allegations in Paragraph 89.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

90.    The allegations in Paragraph 90 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 90.

91.    The allegations in Paragraph 91 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 91.

92.    In response to Paragraph 92, Smok hereby incorporates its responses to Paragraphs 1-91 as though fully set forth herein.

93.    Smok admits that Sarieddine claims to own federal registrations on the Principal Register for the marks ALIEN VAPE and ALIEN VAPE. VAPE JUST GOT REAL! & Design. The allegations in Paragraph 93 regarding the effect of those registrations set forth legal conclusions to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 93, and therefore denies the same.

94.    The allegations in Paragraph 94 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 94.

95.    The allegations in Paragraph 95 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 95.

96.    The allegations in Paragraph 96 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 96.

97.    The allegations in Paragraph 97 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 97.

98.    The allegations in Paragraph 98 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 98.

99.    The allegations in Paragraph 99 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 99.

100.   In response to Paragraph 100, Smok hereby incorporates its responses to Paragraphs 1-99 as though fully set forth herein.

101.   The allegations in Paragraph 101 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 101.

ANSWER TO FIRST AMENDED COMPLAINT

102.   Smok denies the allegations in Paragraph 102.

103.   Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 103, and therefore denies the same. Smok denies the remaining allegations in Paragraph 103.

104.   The allegations in Paragraph 104 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 104.

105.   Smok denies the allegations in Paragraph 105.

106.   Smok denies the allegations in Paragraph 106.

107.   The allegations in Paragraph 107 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 107.

108.   In response to Paragraph 108, Smok hereby incorporates its responses to Paragraphs 1-107 as though fully set forth herein.

109.   The allegations in Paragraph 109 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 109.

110.   The allegations in Paragraph 110 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 110.

111.   The allegations in Paragraph 111 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 111.

112.   In response to Paragraph 112, Smok hereby incorporates its responses to Paragraphs 1-111 as though fully set forth herein.

113.   The allegations in Paragraph 113 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 113.

114.   The allegations in Paragraph 114 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 114.

115.   In response to Paragraph 115, Smok hereby incorporates its responses to Paragraphs 1-114 as though fully set forth herein.

116.   The allegations in Paragraph 116 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 116.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

117.   The allegations in Paragraph 117 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 117.

118.   In response to Paragraph 118, Smok hereby incorporates its responses to Paragraphs 1-117 as though fully set forth herein.

119.   Smok admits that it executed the Purported Agreement in October 2016. Smok denies all remaining allegations in Paragraph 119.

120.   Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120, and therefore denies the same.

121.   The allegations in Paragraph 121 set forth legal conclusions to which no response is required. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 121.

122.   The allegations in Paragraph 122 set forth legal conclusions to which no response is required. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 122.

123.   The allegations in Paragraph 123 set forth legal conclusions to which no response is required. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 123.

124.   The allegations in Paragraph 124 set forth legal conclusions to which no response is required. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 124.

125.   The allegations in Paragraph 125 set forth legal conclusions to which no response is required. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 125.

ANSWER TO FIRST AMENDED COMPLAINT

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

126.   The allegations in Paragraph 126 set forth legal conclusions to which no response is required. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 126.

127.   The allegations in Paragraph 127 set forth legal conclusions to which no response is required. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. Smok denies all remaining allegations in Paragraph 127.

128.   The allegations in Paragraph 128 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 128.

129.   In response to Paragraph 129, Smok hereby incorporates its responses to Paragraphs 1-128 as though fully set forth herein.

130.   The allegations in Paragraph 130 set forth legal conclusions to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 130, and therefore denies the same.

131.   Smok denies the allegations in Paragraph 131.

132.   The allegations in Paragraph 132 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 132.

133.   The allegations in Paragraph 133 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 133.

134.   In response to Paragraph 134, Smok hereby incorporates its responses to Paragraphs 1-133 as though fully set forth herein.

135.   Smok admits that it executed the Purported Agreement in October 2016. The terms of the Purported Agreement are reflected in the Purported Agreement itself, and Smok denies all allegations inconsistent with the text of the Purported Agreement. The allegations in Paragraph 135 regarding "the duty of good faith and fair dealing"

set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 135.

136.   The allegations in Paragraph 136 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 136.

137.   The allegations in Paragraph 137 set forth legal conclusions to which no response is required. To the extent a response is required, Smok admits that on May 31, 2017, it terminated the Purported Agreement. Smok denies all remaining allegations in Paragraph 137.

138.   The allegations in Paragraph 138 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 138.

139.   The allegations in Paragraph 139 set forth legal conclusions to which no response is required. Smok denies all remaining allegations in Paragraph 139.

140.   In response to Paragraph 140, Smok hereby incorporates its responses to Paragraphs 1-139 as though fully set forth herein.

141.   The allegations in Paragraph 141 set forth legal conclusions to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Distributor Defendants, and therefore denies the same. Smok denies all remaining allegations in Paragraph 141.

142.   The allegations in Paragraph 142 set forth legal conclusions to which no response is required. Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Distributor Defendants, and therefore denies the same. Smok denies all remaining allegations in Paragraph 142.

143.   The allegations in Paragraph 143 set forth legal conclusions to which no response is required. To the extent a response is required, Smok lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143, and therefore denies the same.

144.   The allegations in Paragraph 144 set forth legal conclusions to which no response is required. To the extent a response is required, Smok lacks knowledge or

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

ANSWER TO FIRST AMENDED COMPLAINT

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144, and therefore denies the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Sarieddine's claims are barred in whole or in part because of his own conduct. Sarieddine claims to have reached the conclusion around August 2016 that Smok was likely to cause confusion, to cause mistake, or to deceive others into erroneously believing that Smok's goods are authorized by, licensed by, sponsored by, endorsed by, or otherwise associated with Sarieddine and/or products he sells under the phrase Alien Vape. Instead of seeking to stop this allegedly infringing conduct, Sarieddine decided he would seek to profit from concurrent use by Smok of a product name that he considered infringing. Sarieddine then actively, aggressively, and repeatedly for a period of many months, including months long beyond his purported termination of the Distribution Term in January 2017, advertised and encouraged Smok and many others to advertise, promote, and otherwise engage in the concurrent use of the names that Sarieddine now claims resulted in confusion as to source among customers.

This conduct caused any confusion among consumers that Sarieddine is able to prove, constituted unclean hands that bars him from any equitable remedy including any injunctive relief and any financial recovery, constituted consent to Smok's continued use of the allegedly infringing marks, and destroyed any trademark rights he may have had.

ANSWER TO FIRST AMENDED COMPLAINT

**Second Affirmative Defense**

Sarieddine entered into the Purported Agreement with Smok, whereby Sarieddine acquiesced to Smok's continued use of the term Alien without any quality control by Sarieddine. Sarieddine also tolerated usage of the term Alien by multiple manufacturers and distributors of electronic cigarette products including individuals or entities using the terms Alienvapor.com, Alien Vision, Alien Blood, Alien Piss, Alien Kiss, and many others. These uses, including the ones Sarieddine has admitted are causing confusion in the marketplace such as Alien Blood and Alien Piss, combined with many other individuals or entities using similarly named electronic cigarette products, have been consented to by Sarieddine through his failure to monitor and enforce any exclusive rights he may have had. Indeed, Alien Visions has been used in connection with e-juice with Sarieddine's actual or constructive knowledge since at least 2010. Thus, Sarieddine's claims are barred, in whole or in part, under the doctrine of acquiescence/consent.

**Third Affirmative Defense**

Sarieddine entered into the Purported Agreement with Smok, whereby Sarieddine acquiesced to Smok's continued use of the term Alien without any quality control by Sarieddine. Sarieddine also tolerated usage of the term Alien by multiple manufacturers and distributors of electronic cigarette products including individuals or entities using the terms Alienvapor.com, Alien Vision, Alien Blood, Alien Piss, Alien Kiss and many others. These uses, including the ones Sarieddine has admitted are causing confusion in the marketplace such as Alien Blood and Alien Piss, combined with many other individuals or entities using similarly named electronic cigarette products, have been consented to by Sarieddine through his failure to monitor and enforce any exclusive rights he may have had. Indeed, Alien Visions has been used in connection with e-juice with Sarieddine's actual or constructive knowledge since at least 2010. Thus, Sarieddine's claims are barred, in whole or in part, under the doctrine of abandonment.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

### Fourth Affirmative Defense

Sarieddine entered into the Purported Agreement with Smok, whereby Sarieddine acquiesced to Smok's continued use of the term Alien without any quality control by Sarieddine. Sarieddine also tolerated usage of the term Alien by multiple manufacturers and distributors of electronic cigarette products including individuals or entities using the terms Alienvapor.com, Alien Vision, Alien Blood, Alien Piss, Alien Kiss and many others. These uses, including the ones Sarieddine has admitted are causing confusion in the marketplace such as Alien Blood and Alien Piss, combined with many other individuals or entities using similarly named electronic cigarette products, have been consented to by Sarieddine through his failure to monitor and enforce any exclusive rights he may have had. Indeed, Alien Visions has been used in connection with e-juice with Sarieddine's actual or constructive knowledge since at least 2010. Thus, Sarieddine's claims are barred, in whole or in part, under the doctrine of waiver/estoppel.

### Fifth Affirmative Defense

Sarieddine has never been the first user nor the substantially exclusive user of the term Alien in connection with e-cigarette products. Alienvapor.com, Alien Vision, Alien Blood, Alien Piss, Alien Kiss and many others have been using the term Alien in connection with vaporizers, e-juices, hookahs, and e-cigarette parts for many years. Therefore, Sarieddine's claims are barred, in whole or in part, because U.S. Trademark Registration Nos. 4997336 and 4517249 are invalid and unenforceable, and Sarieddine never had any common law trademark rights.

### Sixth Affirmative Defense

In applying to register one of the alleged marks, Sarieddine, through his agent, committed fraud by declaring that the alleged mark was in use on electronic cigarettes and oral vaporizers for smokers, when in fact the alleged mark was not in use on those goods when the application was filed. Additionally, on information and belief, Sarieddine has fabricated documents in this litigation related to the date of his first use

ANSWER TO FIRST AMENDED COMPLAINT

of his alleged marks. Therefore, Sarieddine's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Affirmative Defense

In applying to register one of the alleged marks, Sarieddine, through his agent, committed fraud by declaring that the alleged mark was in use on electronic cigarettes and oral vaporizers for smokers, when in fact the alleged mark was not in use on those goods when the application was filed. Thus, Sarieddine's claims are barred, in whole or in part, because he fraudulently procured U.S. Trademark Registration No. 4997336.

### Eighth Affirmative Defense

Sarieddine's claims are barred, in whole or in part, because the Purported Agreement was illusory in that it was not supported by consideration.

### Ninth Affirmative Defense

In applying to register one of the alleged marks, Sarieddine, through his agent, committed fraud by declaring that the mark was in use on electronic cigarettes and oral vaporizers for smokers, when in fact the mark was not in use on those goods when the application was filed. It was Sarieddine's assertion of rights flowing from that registration that induced Smok to enter into the Purported Agreement. Therefore, Sarieddine's claims are barred, in whole or in part, because he fraudulently induced Smok to enter into the Purported Agreement.

### Tenth Affirmative Defense

After signing the Purported Agreement, Smok endeavored to market and sell Sarieddine's ALIEN VAPE e-liquid in China. Smok, however, was unable to do so for reasons beyond its control. Thus, Sarieddine's claims are barred, in whole or in part, because of the doctrine of force majeure.

### Eleventh Affirmative Defense

After signing the Purported Agreement, Smok endeavored to market and sell Sarieddine's ALIEN VAPE e-liquid in China. Smok, however, was unable to do so

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

18

for reasons beyond its control. Therefore, Sarieddine's claims are barred, in whole or in part, because of the doctrine of excused performance.

**Twelfth Affirmative Defense**

Through the purported Settlement Agreement and at least one other agreement related to Smok's products, Sarieddine attempted to restrict competition based on non-existent trademark rights. Sarieddine knew or should have known that he had no justifiable interest in a worldwide prohibition on the use of the word Alien in connection with certain goods where such a prohibition would cover countries in which he did not do business and phrases for which there was no possible chance of consumer confusion even when used in connection with e-cigarette products. Thus, Sarieddine's claims are barred, in whole or in part, because of Sarieddine's trademark misuse.

**Thirteenth Affirmative Defense**

Alien is a generic term in the e-cigarette industry having been used for years by many different manufacturers and distributors to designate various products including vaporizers, e-juices, hookahs, and wires used to heat liquid that is inhaled by consumers. Generic terms are not capable of serving as trademarks. Accordingly, Plaintiff's Trademark Registrations are invalid and should be cancelled, Plaintiff has no trademark rights under common law, and Plaintiff has no protectable interests under the purported Settlement Agreement.

**Reservation of Defenses**

Smok hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the Lanham Act and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

ANSWER TO FIRST AMENDED COMPLAINT

Dated: January 18, 2018

Respectfully submitted,

LOCKE LORD LLP


By:  /s/ F. Phillip Hosp
     F. Phillip Hosp

Attorneys for Defendant
Shenzhen IVPS Technology Co., Ltd.
(f/k/a Shenzhen Smok Technology Co., Ltd.)

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071