F. Phillip Hosp (SBN 265225)
phosp@lockelord.com
LOCKE LORD LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel: 213-687-6787 / Fax: 213-341-6787

Matthew T. Furton (*pro hac vice*)
mfurton@lockelord.com
David T. Van Der Laan (*pro hac vice*)
dave.vanderlaan@lockelord.com
Jonathan B. Turpin (*pro hac vice*)
jonathan.turpin@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606

Attorneys for Defendant
Shenzhen IVPS Technology Co., Ltd.
f/k/a Shenzhen Smok Technology Co., Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE SARIEDDINE, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>D&A DISTRIBUTION, LLC (dba STRICTLY E-CIG), a Georgia limited liability company et al.,<br><br>            Defendants. | CASE NO. 2:17-cv-2390-DSF-SK<br><br>**SHENZHEN'S NOTICE OF MOTION AND MOTION TO DISMISS SARIEDDINE'S COUNTERCLAIMS AGAINST SHENZHEN**<br><br>DATE:    April 23, 2018<br>TIME:    1:30 pm<br>PLACE:   Courtroom 7D<br>JUDGE:   Hon. Dale S. Fischer |

AM 68249614.6

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on Monday, April 23, 2018 at 1:30 p.m., or as soon thereafter as this matter can be heard before the Honorable Dale S. Fischer of the United States District Court for the Central District of California, at First Street Courthouse, 350 West First Street, Courtroom 7D, Los Angeles, CA, 90012-4565, Defendant Shenzhen IVPS Technology Co, Ltd. ("Shenzhen") will and hereby does move this Court to dismiss all counterclaims brought by Sarieddine against Shenzhen.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the papers, records, and pleadings on file in this case, and on such oral argument as the Court allows.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via teleconference on March 14, 2018 and at which the parties were unable to resolve their differences on this matter.

Dated: March 21, 2018       LOCKE LORD LLP


By: /s/ F. Phillip Hosp
      F. Phillip Hosp

Attorneys for Defendant

Shenzhen IVPS Technology Co., Ltd. f/k/a Shenzhen Smok Technology Co., Ltd.

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ...................................................................................................1

III. LEGAL STANDARD ............................................................................................2

IV. ARGUMENT .........................................................................................................5

    A. Sarieddine lacks standing to bring his asserted counterclaims. .............5

    B. Alternatively, even if Sarieddine possessed standing to pursue his counterclaims, the Court should exercise its discretion not to entertain Sarieddine's counterclaims. ...........................................9

V. CONCLUSION ...................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Bassett v. ABM Parking Services, Inc.*,
   No. 16-35933, 2018 WL 987954 (9th Cir. Feb. 21, 2018) ......................................... 2

*Bobosky v. Adidas AG*,
   843 F. Supp. 2d 1134 (D. Or. 2011) ........................................................................ 6

*California Ins. Guarantee Ass'n v. Price*,
   252 F. Supp. 3d 948 (C.D. Cal. 2017) ................................................................ 4, 10

*Coffman v. Breeze Corp.*,
   323 U.S. 316 (1945) ................................................................................................. 9

*E. Iowa Plastics, Inc. v. PI, Inc.*,
   832 F.3d 899 (8th Cir. 2016) ................................................................................... 4

*Famous Horse Inc. v. 5th Ave. Photo Inc.*,
   624 F.3d 106 (2d Cir. 2010) .................................................................................... 6

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
   778 F.3d 1059 (9th Cir. 2015) ................................................................................. 6

*Gov't Employees Ins. Co. v. Dizol*,
   133 F.3d 1220 (9th Cir. 1998) .......................................................................... 4, 10

*Halicki Films, LLC v. Sanderson Sales & Mktg.*,
   547 F.3d 1213 (9th Cir. 2008) ................................................................................. 3

*Jackson v. Odenat*,
   9 F. Supp. 3d 342 (S.D.N.Y. 2014) ......................................................................... 6

*Ketab Corp. v. Limonadi*,
   No. 2-14-CV-07241, 2015 WL 5096417 (C.D. Cal. Aug. 28, 2015) ....................... 3

*Ketab Corp. v. Mesriani & Associates*,
   No. 2-14-CV-07241, 2015 WL 8022874 (C.D. Cal. Dec. 4, 2015) ......................... 3

*Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*,
   998 F. Supp. 2d 890 (C.D. Cal. 2014) ..................................................................... 1

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ............................................................................................... 3

*Sunrich Food Group, Inc. v. Pac. Foods of Oregon, Inc.*,
  233 F. Supp. 2d 1273 (D. Or. 2002) ................................................................... 3, 7

*Thoroughbred Legends, LLC v. The Walt Disney Co.*,
  No. 1:07-CV-1275, 2008 WL 616253 (N.D. Ga. Feb. 12, 2008) ............................ 6

*Unique Sports Products, Inc. v. Wilson Sporting Goods Co.*,
  512 F. Supp. 2d 1318 (N.D. Ga. 2007) ............................................................... 6, 7

*Visioneer, Inc. v. KeyScan, Inc.*,
  626 F. Supp. 2d 1018 (N.D. Cal. 2009) .................................................................. 2

*Wells Fargo & Co. v. ABD Ins. & Fin. Services, Inc.*,
  No. 12-3856, 2014 WL 4312021 (N.D. Cal. Aug. 28, 2014) ............................... 6, 9

*Windsurfing Int'l Inc. v. AMF Inc.*,
  828 F.2d 755 (Fed. Cir. 1987) ................................................................................ 4

**Federal Rules**

Federal Rule of Civil Procedure 12 ............................................................................ 1

**Federal Statutes**

15 U.S.C. § 1125 ..................................................................................................... 6, 8

28 U.S.C. § 2201 (Declaratory Judgment Act) ........................................................... 4

15 U.S.C. §§ 1051 et seq. (Lanham Act) ............................................. 1, 4, 5, 6, 7, 9

**Other Authorities**

U.S. Constitution, Article III, section 2 ...................................................................... 2

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

## I. INTRODUCTION

Throughout most of 2017, Sarieddine, a sole proprietor of e-juice, deceptively advertised that his products were sponsored by or affiliated with Shenzhen, an industry-leading manufacturer of vaporizers and vaporizer-related products. Shenzhen has asserted claims against Sarieddine for this false affiliation. Now, despite having no standing to do so, Sarieddine seeks to invalidate Shenzhen's unrelated trademarks.

False affiliation claims do not require proof of a valid trademark. Thus, Shenzhen's false affiliation claims against Sarieddine do not provide Sarieddine standing to challenge Shenzhen's marks. Accordingly, Shenzhen respectfully requests, pursuant to Fed. R. Civ. P. 12(b)(1), that the Court dismiss Sarieddine's asserted counterclaims against Shenzhen.

## II. BACKGROUND

On March 28, 2017, Sarieddine brought this lawsuit against Shenzhen arising from Shenzhen's use of the word *alien*, and Sarieddine's purported rights in the marks ALIEN VAPE® and ALIEN VAPE. VAPE JUST GOT REAL!®. (ECF No. 165.)

On February 12, 2018, Shenzhen filed its Second Amended Counterclaims, asserting four counterclaims against Sarieddine. (ECF No. 184.) Shenzhen's third counterclaim accuses Sarieddine of deception as to the sponsorship, affiliation, or endorsement of Sarieddine's goods by Shenzhen. (*Id.* at ¶¶ 84-87.) Shenzhen's fourth counterclaim accuses Sarieddine of unfair or fraudulent business acts or practices and of unfair, deceptive, untrue, and misleading advertising as a result of Sarieddine's deception.[1] (*Id.* at ¶¶ 88-92.) Shenzhen does not accuse, and has not accused, Sarieddine of trademark infringement.

On February 26, 2018, Sarieddine answered Shenzhen's counterclaims and asserted his own counterclaims against Shenzhen. (ECF No. 188.) On February 28,

---

[1] "[T]he Ninth Circuit 'has consistently held that state common law claims of unfair competition ... are 'substantially congruent' to claims under the Lanham Act.'" *Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897-98 (C.D. Cal. 2014).

1

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

2018, Sarieddine amended his answer and counterclaims. (ECF No. 190.) Sarieddine incorrectly asserts that Shenzhen "has accused Sarieddine of . . . infringing its federally registered rights to the word SMOK . . . ." (*Id.* at 16.) He purports to deny his imagined "allegations of trademark infringement," and concludes based on this alone that "there exists an actual case or controversy regarding whether Sarieddine infringes SMOK's numerous trademark rights to the term "SMOK" for e-cigarette products." (*Id.*) On that mistaken basis, Sarieddine's counterclaims each challenge the validity of U.S. Trademark Registration Nos. 4545449 (SMOK), 4563001 (SMOKTECH), 4676828 (SMOK TECHNOLOGY), 4676829 (SMOK MODS), 4745398 (SMOK ECIG), 4805708 (SMOK), and 4764701 (SMOKTECH) (collectively, "Shenzhen's Marks") and seek invalidation of Shenzhen's Marks and cancellation of the related registrations. (*Id.* at 31.)

### III. LEGAL STANDARD

The Constitution limits the judicial power of federal courts to "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;" and "to Controversies between . . . a State, or the Citizens thereof, and foreign States, Citizens or Subjects." U.S. Const. art. III, § 2, cl. 1. Implicit in this Constitutional limitation to such "cases" and "controversies" is the question of standing.

"Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *Visioneer, Inc. v. KeyScan, Inc.*, 626 F. Supp. 2d 1018, 1023 (N.D. Cal. 2009) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). Where a claimant lacks standing, the court must dismiss the claims. *Id.*

Generally, a claimant must allege 1) an injury in fact, 2) that is traceable to the challenged conduct of the other party, and 3) that is likely to be redressed by a favorable judicial decision. *Bassett v. ABM Parking Services, Inc.*, No. 16-35933, 2018 WL 987954, at *2 (9th Cir. Feb. 21, 2018). In order to seek declaratory relief, a claimant must further demonstrate that a "substantial controversy" exists between

parties having "adverse legal interests," as shown by "all the circumstances" of the case. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).

Further, in order to petition for cancellation of a trademark registration, a petitioner must have a "'real interest' in the proceeding." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1228 (9th Cir. 2008). Such a petitioner "must show a real and rational basis for his belief that he would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark." *Id.* at 1228-29 (quoting *Star–Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984)). The claimant "must show that he is 'more than an intermeddler' but rather has a personal interest, and that 'there is a real controversy between the parties.'" *Ketab Corp. v. Limonadi*, No. 2-14-CV-07241, 2015 WL 5096417, at *4 (C.D. Cal. Aug. 28, 2015) (quoting *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1034 (C.D. Cal. 2011)). Courts have found standing for trademark cancellation based on "an assertion of a likelihood of confusion [between the petitioner's mark and the registered mark at issue] which is not wholly without merit" and "a rejection of an application during prosecution." *Halicki Films*, 547 F.3d at 1228.

Where a counterclaimant has not been sued for infringement, has no rights in a mark, and cannot credibly argue that they are or will be damaged by the continued use of the mark, the counterclaimant lacks standing to challenge the validity of the mark. *See, e.g.*, *Ketab Corp. v. Mesriani & Associates*, No. 2-14-cv-07241, 2015 WL 8022874, at *7 (C.D. Cal. Dec. 4, 2015) (dismissing a cancellation counterclaim for lack of standing because "Counterclaimants do not allege sufficient facts to show that they have standing to bring their cancellation claim"); *Sunrich Food Group, Inc. v. Pac. Foods of Oregon, Inc.*, 233 F. Supp. 2d 1273, 1276 (D. Or. 2002) (entering summary judgment for counterclaim defendant where counterclaimant lacked standing to petition for cancellation of the mark); *see also E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 905 (8th Cir. 2016) (holding that a cancellation counterclaimant lacked

3
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

standing "because the Lanham Act protects both registered and unregistered trademarks," and therefore the claimant would have faced the same potential liability if the trademark owner had never obtained a trademark registration by the alleged fraud); *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987) (claimant sought an impermissible advisory opinion and lacked standing where it had not been sued for infringement of the mark it sought to attack).

Even where a declaratory judgment claim passes constitutional and statutory muster, the exercise of declaratory judgment jurisdiction is discretionary. "[T]he district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring)).

In the exercise of this discretion, the courts are "essentially balancing concerns of judicial administration, comity, and fairness to the litigants." *California Ins. Guarantee Ass'n v. Price*, 252 F. Supp. 3d 948, 955 (C.D. Cal. 2017) (quoting *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005)) (alterations in original omitted). Courts consider the following non-exhaustive factors: "whether the declaratory action will settle all aspects of the controversy," "whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue," as well as "the convenience of the parties." *Dizol*, 133 F.3d at 1225 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)).

"[W]hen prudential considerations counsel against its use," and a declaratory judgment "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties," declaratory relief should be denied. *California Ins. Guarantee*, 252 F. Supp. 3d at 955–56 (quoting *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985)).

## IV. ARGUMENT

### A. Sarieddine lacks standing to bring his asserted counterclaims.

Sarieddine cannot allege any injury traceable to Shenzhen's Marks that would be redressed by the relief he seeks, and he cannot show a "real and rational basis for his belief that he would be damaged by the registration sought to be cancelled." Thus, there is no "actual controversy" with regard to Shenzhen's Marks. Accordingly, there is no subject-matter jurisdiction over Sarieddine's counterclaims, and they must be dismissed.

Sarieddine's assertion that Shenzhen "has accused Sarieddine of . . . infringing its federally registered rights to the word SMOK . . ." is either a fundamental misrepresentation or a basic misunderstanding of Shenzhen's counterclaims against Sarieddine. Shenzhen does not accuse and has not accused Sarieddine of trademark infringement. Rather, Shenzhen accuses Sarieddine of deception as to the sponsorship, affiliation, or endorsement of Sarieddine's goods by Shenzhen. Such *false affiliation* claims, also commonly referred to as *false endorsement* claims, are distinct from trademark infringement claims.

False affiliation claims under the Lanham Act do not require that the claimant possess a valid trademark. Rather, the Act states:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

5
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Though "any word, term, name, symbol, or device, or any combination thereof" may include trademarks, the statute plainly does not require a valid trademark. "A false affiliation claim under section 43(a)(1)(A) of the Lanham Act . . . is similar to a trademark infringement claim, **but does not require proof of a valid trademark.**" *Wells Fargo & Co. v. ABD Ins. & Fin. Services, Inc.*, No. 12-3856 PJH, 2014 WL 4312021, at *7 (N.D. Cal. Aug. 28, 2014) (emphasis added); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1068 (9th Cir. 2015) (permitting false endorsement claims based on the nonconsensual use of an party's likeness); *Bobosky v. Adidas AG*, 843 F. Supp. 2d 1134, 1141 (D. Or. 2011) ("Possession of a federally registered trademark is not required to succeed in an action under § 43(a) of the Lanham Act . . . ."); *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 110 (2d Cir. 2010) ("In contrast, § 43(a) goes beyond § 32 in making certain types of unfair competition federal statutory torts, whether or not they involve infringement of a registered trademark.") (internal quotation omitted); *Jackson v. Odenat*, 9 F. Supp. 3d 342, 354 (S.D.N.Y. 2014) ("A trademark is not required for a successful section 43(a) claim . . . .") (citing *Famous Horse Inc.,* 624 F.3d at 110); *Unique Sports Products, Inc. v. Wilson Sporting Goods Co.*, 512 F. Supp. 2d 1318, 1325 (N.D. Ga. 2007); *Thoroughbred Legends, LLC v. The Walt Disney Co.*, No. 1:07-CV-1275-BBM, 2008 WL 616253, at *12 (N.D. Ga. Feb. 12, 2008) (permitting a Lanham Act § 43(a) claim to survive despite dismissing trademark infringement claims "because Plaintiffs have not shown valid trademark rights"). Rather, the relevant question is whether consumers are likely to be confused as to whether the claimant endorsed the goods of the accused party.

In *Unique Sports*, the plaintiff accused defendants of false endorsement pursuant to section 43(a) of the Lanham Act based on allegations that the defendants had deceptively created a likelihood of consumer confusion regarding the affiliation, connection, or association with defendant's product. 512 F. Supp. 2d at 1325. The defendant argued that the plaintiff's claim was insufficient and subject to summary

judgment because the plaintiff could not prove that it had a valid trademark. *Id*. But the court held that "[c]ontrary to defendant's argument, plaintiff does not have to prove that it has a valid trademark in Sampras's image to prevail on its false endorsement claim." Rather, the plaintiff had a viable cause of action under section 43(a) if consumers were likely to be deceived into falsely believing that defendant's product had been sponsored, endorsed, or approved. *Id*. On that basis, the defendant's motion for summary judgment was denied. *Id*.

In *Sunrich Food Group*, the plaintiff brought numerous claims against defendants, some of which indirectly related to the plaintiff's registered trademarks. 233 F. Supp. 2d at 1274. In response, the defendant asserted a counterclaim for cancellation of plaintiff's marks, on which the plaintiff sought summary judgment. *Id*. at 1275. The defendant argued that it possessed standing based on the alleged failure of plaintiff to police the use of its marks and based on alleged abandonment. *Id*. The court found that the plaintiff's complaint did not assert a claim for trademark infringement and that the defendant had no other interest in the cancellation of the marks. *Id*. at 1278. Therefore the defendant lacked standing to assert the counterclaim for trademark cancellation. *Id*. at 1279.

Shenzhen's Marks do not and have not harmed Sarieddine in any way. Notably, Sarieddine does not allege that Shenzhen's use of the marks challenged in his counterclaims infringes on Sarieddine's own marks or that he has been prevented from obtaining a mark of his own due to Shenzhen's registrations. Sarieddine does not assert that he has been prevented from using any of Shenzhen's Marks himself, or that he seeks to do so in the future. That is, Sarieddine has no real interest in the validity of the marks, as he might if he sought to use the marks in commerce.

Indeed, Sarieddine does not allege any injury stemming from Shenzhen's Marks or Shenzhen's use of those marks except for his mischaracterization of Shenzhen's false affiliation claims as trademark infringement claims. Claiming that Shenzhen "has accused Sarieddine of . . . infringing its federally registered rights to the word

7

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SMOK," Sarieddine baldly alleges that "there exists an actual case or controversy regarding whether Sarieddine infringes SMOK's numerous trademark rights to the term "SMOK" for e-cigarette products." (ECF No. 190.) Shenzhen's claims make no such accusation.

While Shenzhen's counterclaims against Sarieddine reference Sarieddine's usage of photographs containing Shenzhen's mark SMOK without Shenzhen's consent, the counterclaims make that allegation as part of its claim that Sarieddine sought to create the false impression through his social media advertisements that Shenzhen IVPS Technology Co., Ltd. sponsored his goods even after he filed suit against the company. His efforts to foster a connection to Shenzhen IVPS Technology Co., Ltd. caused confusion and deception as to the affiliation, connection, or association of Shenzhen to his goods, and the validity or invalidity of any mark is not necessary for Shenzhen's false affiliation claim. Shenzhen's claims require only that Sarieddine have used "any word, term, name, symbol, or device, or any combination thereof . . . likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by [Shenzhen]." 15 U.S.C. § 1125(a)(1).

Further, Sarieddine's sought-after relief would not provide him any redress. If, for the sake of argument, Shenzhen's Marks (such as SMOK ECIG) were invalidated, it would not alter the fact that Sarieddine misused Shenzhen's name, branding, and symbols so as to deceive as to the sponsorship, affiliation, or endorsement of Sarieddine's goods by Shenzhen, and it would not lessen Sarieddine's liability for having done so. Simply put, even if each of Shenzhen's Marks were deemed invalid and each registration were cancelled, it would not resolve Shenzhen's counterclaims against Sarieddine, and it would not lessen Sarieddine's liability for his false affiliation, because Shenzhen's false affiliation claims do not derive from and are not dependent on its marks. Even without a single valid mark, Shenzhen could and would

still assert its false affiliation claim pursuant to section 43(a) of the Lanham Act. *See Wells Fargo & Co. v. ABD Ins. & Fin. Services, Inc.*, C 12-3856 PJH, 2014 WL 4312021, at *7 (N.D. Cal. Aug. 28, 2014).

The primary controversy between Shenzhen and Sarieddine in this action is whether Shenzhen has the right to use the word *alien* with regard to vaporizer products. Sarieddine claims the right to prevent any other party from using the word in the e-cigarette industry despite expressly and implicitly authorizing others including Shenzhen to sell products named with that word. Sarieddine now seeks to inject the validity of Shenzhen's unrelated marks into that dispute. But that does not create a "substantial controversy" between parties having "adverse legal interests" in this case with respect to Shenzhen's Marks. Because there is no substantial controversy regarding Shenzhen's Marks, the relief Sarieddine seeks would amount to an impermissible advisory opinion. *See Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (noting that the declaratory judgment procedure "may not be made the medium for securing an advisory opinion in a controversy which has not arisen").

Sarieddine does not and cannot allege any injury traceable to Shenzhen's Marks that would be redressed by the relief he seeks. Sarieddine does not have a "real interest" in the validity of Shenzhen's Marks. Rather, he is nothing more than an intermeddler, who lacks any interest in the ongoing effect of the registrations he seeks to cancel. For all of the foregoing reasons, Sarieddine lacks standing to pursue his counterclaims against Shenzhen. Accordingly, there is no subject-matter jurisdiction over Sarieddine's counterclaims against Shenzhen and they must be dismissed.

### B. Alternatively, even if Sarieddine possessed standing to pursue his counterclaims, the Court should exercise its discretion not to entertain Sarieddine's counterclaims.

For all of the reasons discussed above, Sarieddine lacks standing to pursue his declaratory judgment claims. But even if such standing existed, the relevant factors weigh in favor of the Court declining to exercise its declaratory judgment jurisdiction

9

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

in this case. As has been discussed more thoroughly above, Sarieddine's counterclaims are unrelated to the questions and claims at issue in this matter, and their resolution in favor of either party would do nothing to settle the controversy or govern Sarieddine's rights going forward. Sarieddine's declaratory judgment counterclaims will not "serve a useful purpose in clarifying the legal relations at issue," and would not serve "the convenience of the parties." *Dizol*, 133 F.3d at 1225 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)). On the contrary, a declaratory judgment on Sarieddine's counterclaims, in favor of either party, would "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *California Ins. Guarantee*, 252 F. Supp. 3d at 955–56 (quoting *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985)). Accordingly, because prudential considerations counsel against its use, declaratory relief should be denied.

## V. CONCLUSION

As a sole proprietor of e-juice, Sarieddine sought to increase his sales by attaching himself to an industry leader and by deceptively advertising that his products were sponsored by or affiliated with that leader. Now, in a misguided attempt to escape liability for his actions, Sarieddine seeks to invalidate Shenzhen's trademarks.

Because Sarieddine lacks standing to challenge the validity of Shenzhen's Marks and seek cancellation, his counterclaims are improper and without subject-matter jurisdiction. Alternatively, even if Sarieddine possessed the necessary standing, the Court should exercise its discretion not to entertain Sarieddine's counterclaims.

Accordingly, Shenzhen respectfully respects that the Court dismiss Sarieddine's asserted counterclaims against Shenzhen.

| | | |
|---|---|---|
| 1 | Dated: March 21, 2018 | Respectfully submitted, |
| 2 | | LOCKE LORD LLP |
| 4 | | By: /s/ F. Phillip Hosp |
| 5 | | F. Phillip Hosp |
| 6 | | |
| 7 | | Attorneys for Defendant Shenzhen IVPS Technology Co., Ltd. f/k/a Shenzhen Smok Technology Co., Ltd. |