# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE,<br>   Plaintiff,<br><br>   v.<br><br>D&A DISTRIBUTION, LLC, et al.<br>   Defendants.<br><br>AND RELATED CLAIMS | Case No.: CV 17-2390 DSF (SKx)<br><br>(In Chambers) ORDER GRANTING in PART and DENYING in PART Motion to Dismiss Counterclaims (Dkt. 195) |

Defendant Shenzhen IVPS Technology Co., Ltd. f/k/a Shenzhen Smok Technology Co., Ltd. (Shenzhen) moves to dismiss counterclaims filed by Plaintiff Mike Sarieddine. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The Motion is GRANTED in PART and DENIED in PART.

## I. BACKGROUND

On March 28, 2017, Sarieddine filed his First Amended Complaint against Shenzhen arising from Shenzhen's use of the word "alien," and Sarieddine's purported rights in the marks ALIEN VAPE and ALIEN VAPE. VAPE JUST GOT REAL!. Dkt. 165, First Am. Compl.

On February 20, 2018, Shenzhen filed its Second Amended Counterclaim, seeking cancellation of Sarieddine's "Alien Vape" mark, alleging a violation of the Lanham Act, and asserting a common law unfair competition claim. Dkt. 184, Second Am. Countercl. (Shenzhen Countercl.).

On February 28, 2018, Sarieddine filed an Amended Answer and Amended Counterclaim to Shenzhen's Counterclaim. Dkt. 190, First Am. Countercl (Sarieddine Countercl.). Sarieddine's Counterclaim seeks an order declaring that U.S. Trademark Registration Nos. 4545449 (for SMOK), 4563001 (for SMOKTECH), 4676828 (for SMOK TECHNOLOGY), 4676829 (for SMOK MODS), 4745398 (for SMOK ECIG), 4805708 (for SMOK), and 4764701 (for SMOKTECH) (collectively, the SMOK Trademarks) are void, invalid, and unenforceable because: (1) Shenzhen committed fraud on the United States Patent and Trademark Office (USPTO), Sarieddine Countercl. ¶¶ 92-95; (2) the SMOK Trademarks are generic, id. ¶¶ 96-99; and (3) Shenzhen has abandoned the SMOK Trademarks, id. ¶¶ 100-04.

## II. LEGAL STANDARD

To state a plausible claim to cancel a trademark, a plaintiff must (1) have standing to seek cancellation and (2) state a valid ground for cancellation. 15 U.S.C. § 1064; Star-Kist Foods, Inc. v. P.J. Rhodes & Co., 735 F.2d 346, 348 (9th Cir. 1984).

To establish standing, the party seeking relief must "plead and prove facts showing a real interest in the proceeding." Star-Kist Foods, 735 F.2d at 349 (citation omitted). "While no absolute test can be laid down for what must be proved, a cancellation petitioner must show he is more than an intermeddler but rather has a personal interest, and that there is a real controversy between the parties." Id. (citations omitted). "The petitioner . . . must show a real and rational basis for his belief that he

would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark." Id. This inquiry requires a case-by-case analysis of facts surrounding each cancellation dispute. Id.

The Declaratory Judgment Act allows courts to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201. The plaintiff must show an "actual controversy" by alleging facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

## III. DISCUSSION

### A. Standing[1]

Shenzhen argues Sarieddine lacks standing to challenge the SMOK Trademarks. Sarieddine contends he has standing because (1) Shenzhen has put the validity of the SMOK Trademarks at issue, and (2) he would be damaged if enjoined from using the SMOK Trademarks.

1. Whether Shenzhen Has Put the SMOK Trademarks at Issue

"Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to

---

[1] Sarieddine spends several pages of his Opposition arguing that Shenzhen fails to state a false affiliation claim, and so the claim is actually one for trademark infringement, which gives Sarieddine standing to challenge the SMOK Trademarks. Sarieddine is wrong. If Shenzhen has not properly pleaded its claim, the result is dismissal, not conversion of the claim into one for trademark infringement.

. . . deceive as to the affiliation . . . shall be liable in a civil action . . . ." 15 U.S.C. § 1125(a).

Section 1125(a) creates "two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1384 (2014). Shenzhen's Counterclaim alleges false association. See Dkt. 204 (Reply) at 1 ("Shenzhen has stated a counterclaim against Sarieddine for false affiliation pursuant to 15 U.S.C. § 1125(a).").

The parties dispute whether Shenzhen has put the validity of the SMOK Trademarks at issue by alleging a false affiliation claim. But a properly pleaded false affiliation claim necessarily puts the moving party's trademark at issue. See S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 929 (9th Cir. 2014) ("In order to prevail under [§ 1125(a)], a plaintiff must prove two basic elements: '(1) it has a valid, protectable trademark, and (2) [the defendant's] use of the mark is likely to cause confusion.'") (emphasis added) (quoting Applied Info. Scis. Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007)).

By bringing a false affiliation claim based on Sarieddine's "nonconsensual use of [Shenzhen's] federally registered mark SMOK," Shenzhen Countercl. ¶ 85, Shenzhen has created a controversy regarding the validity of its SMOK mark. Indeed, Shenzhen placed its registered SMOK mark at issue when it pleaded its mark at paragraphs 65, 66, 68, 85, 87, and 89-92 of the Counterclaim.

Shenzhen's other argument—that its false association claim is more than "the misuse of one mark"—is of limited import. Even if its false association claim is based on Sarieddine's "aggregate behavior," the fact remains that Shenzhen has alleged misuse of

the SMOK mark as a basis for liability. Sarieddine certainly has a "real interest" in eliminating a theory of liability against him.

The Court concludes that Sarieddine has standing to challenge the SMOK mark because Shenzhen put that mark at issue in this litigation. However, the same does not apply to the other SMOK marks: SMOK TECHNOLOGY, SMOK MODS, SMOK ECIG, and SMOKTECH. Shenzhen's Counterclaim makes no reference to these trademarks. Accordingly, the Court turns to Sarieddine's second justification for standing: that he would be damaged if enjoined from using the SMOK Trademarks.

2. Whether Plaintiff is Damaged by the Remaining SMOK Trademarks

Although a party seeking cancellation need not plead or prove actual damage, he must plead some facts "supporting a reasonable belief that there is a likelihood of damage caused by the continuing registration of the mark." J. Thomas McCarthy, 3 McCarthy on Trademarks and Unfair Competition § 20:46 (5th ed. 2018) (citations omitted); see also Star-Kist Foods, 735 F.2d at 349 (cancellation petitioner may have standing in absence of actual damage, so long as he has "a reasonable belief that he will be legally damaged"). For example, where a cancellation action is predicated on the ground that a registered mark is generic or merely descriptive, to show standing, the pleading must allege "not only the basis for the charge but facts that will tend to show that the registration is or will be inconsistent with the petitioner's equal right to use this designation in connection with the same or a similar business enterprise." Yard-Man, Inc. v. Getz Exterminators, Inc., 157 U.S.P.Q. 100, 106, 1968 WL 8094, at *6 (T.T.A.B. 1968).

Sarieddine's Counterclaim does not allege any damage, hypothetical or otherwise, from Shenzhen's continued use of the

SMOK Trademarks. There are no allegations, for instance, that Shenzhen's registrations are in any way inconsistent with Sarieddine's rights to use "SMOK" in connection with his vaping-related products. Shenzhen's lawsuit, on its own, does not provide Sarieddine with standing to challenge unrelated trademarks.

The Court is cognizant that standing in cancellation actions has a low threshold, "fairly easy to satisfy in the vast majority of cases[.]" McCarthy, supra, § 20:46. Nevertheless, the standing requirement does impose some limits. Where, as here, the moving party's pleading does not include a single allegation of damage resulting from the opposing side's trademarks, the party lacks a "real interest" in the outcome of the proceedings and therefore lacks standing. Cf. Plus Mgmt., Inc. v. Cantrell, No. CV 09-2511-GHK (PLAx), 2009 WL 10675362, at *1-2 (C.D. Cal. Oct. 8, 2009) (finding that plaintiff lacked standing to bring cancellation claim because it did not sufficiently allege damage from defendant's trademark).

Shenzhen's Motion to Dismiss Sarieddine's Counterclaim with respect to the SMOK TECHNOLOGY, SMOK MODS, SMOK ECIG, and SMOKTECH marks is GRANTED.

## B. Declaratory Judgment

In the alternative, Shenzhen argues the Court should decline to exercise its declaratory judgment jurisdiction. The Court finds that it is appropriate to exercise its jurisdiction here.

## IV. CONCLUSION

Shenzhen's Motion to Dismiss is DENIED as to the SMOK mark. It is GRANTED with leave to amend as to the remaining SMOK Trademarks. Sarieddine may file an amended counterclaim no later than May 23, 2018. The Court does not grant leave to add new defendants or new claims. Leave to add

6

defendants or claims must be sought by a separate, properly noticed motion.

    IT IS SO ORDERED.

Date: April 24, 2018

                                      Dale S. Fischer
                                      United States District Judge